**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

MARLENE LERMA,

       Plaintiff,

v.                                  No. CV 16-00157 WJ/GBW

BOARD OF COUNTY COMMISSIONERS
OF LUNA COUNTY, RUBEN JAVIER DIAZ,
GLORY JUAREZ, and CHARLES JACKSON,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' PARTIAL MOTION
TO DISMISS PLAINTIFF'S COMPLAINT AND FOR QUALIFIED IMMUNITY**

THIS MATTER comes before the Court upon Defendants Board of County Commissioners of Luna County, Ruben Javier Diaz, Glory Juarez, and Charles Jackson's ("Defendants") Partial Motion to Dismiss Plaintiff's Complaint and for Qualified Immunity (**Doc. 9**), filed April 12, 2016. Having reviewed the parties' briefing and the applicable law, the Court finds that Defendants' Motion is well-taken in part, and therefore **GRANTED**, and not well-taken in part, and therefore **DENIED**, as herein described.

**BACKGROUND**

Plaintiff Marlene Lerma ("Plaintiff") was employed by Luna County, New Mexico as an Administrative Assistant for Defendant Luna County Board of County Commissioners. On September 4, 2015, Plaintiff was arrested for driving while intoxicated ("DWI"). Plaintiff alleges that at the time, she was not performing any work duties as an employee of Luna County and was in a privately-owned vehicle. On September 17, 2015, Luna County, allegedly acting

through Defendant Charles Jackson ("Mr. Jackson") and Defendant Glory Juarez ("Ms. Juarez"), issued to Plaintiff a Personnel Action Form titled "Notice of Pre Determination Hearing." This Form provided notice of a hearing with the intent to propose termination of employment. Defendants' notice based the termination on the grounds that Plaintiff's September 4, 2015 arrest for DWI violated the Luna County Code of Conduct. Additionally, while noting that the "actions of September 4, 2015 warrant the proposed termination," Plaintiff had received previous discipline for her conduct. (**Doc. 9-1**). Plaintiff received a one-day suspension in 2012 and another one-day suspension in 2013. Plaintiff waived the pre-termination hearing, and per Luna County personnel ordinance, was therefore terminated. Plaintiff subsequently requested a post-termination hearing pursuant to Section 8.3 of the Luna County Personnel Ordinance, and the hearing was held on October 5, 2015. Plaintiff alleges that before the post-termination hearing was held, Defendants had already filled the Administrative Assistant position previously held by Plaintiff. Additionally, Plaintiff alleges that Defendants relied upon grounds for termination for which they did not give Plaintiff pre-notice hearing and placed the burden of proof upon her to disprove Luna County's decision to terminate her.

Plaintiff filed a Complaint (**Doc. 1**) on March 4, 2016, alleging nine counts: (1) breach of contract; (2) violation of the New Mexico Criminal Offender Employment Act, N.M. STAT. ANN. § 28-2-1, *et seq.* (1978); (3) void for vagueness violating the Due Process Clause; (4) a sham hearing violating the Due Process Clause; (5) inadequate notice violating the Due Process Clause; (6) violation of substantive due process; (7) violation of the Equal Protection Clause; (8) violation of the Domestic Violence Protection Act, which Defendants argue must be a mislabeling of the New Mexico Promoting Financial Independence for Victims of Domestic Abuse Act, N.M. STAT. ANN. § 50-4A-1 *et seq*. (1978); and (9) violation of the New Mexico

Whistleblower Protection Act, N.M. STAT. ANN. § 10-16C-2 (1978). Defendants collectively filed a Partial Motion to Dismiss Plaintiff's Complaint and for Qualified Immunity (**Doc. 9**) on April 12, 2016. Plaintiff filed a Response (**Doc. 11**) on April 26, 2016, and Defendants filed a Reply (**Doc. 13**) on May 11, 2016.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions. *See id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Governmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 808, 818 (1982). Once a defendant raises qualified immunity as a defense to a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right, and must also show that the constitutional or statutory right the

defendant allegedly violated was clearly established at the time of the conduct at issue. *See Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) (citations omitted). However, asserting a qualified immunity defense via a Rule 12(b)(6) motion subjects defendant to a more challenging standard of review than would apply on summary judgment, as it is based on defendant's conduct as alleged in the complaint. *See Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

DISCUSSION

Defendants' Motion argues that Counts II through IX must be dismissed. The Court addresses each argument in turn.

## Count II: Criminal Offender Employment Act

Defendants note that the Criminal Offender Employment Act ("COEA"), in relevant part, provides that "[a]ny board or other agency having jurisdiction over employment by the state . . . may suspend or revoke any public employment . . . (1) where the applicant, employee or licensee . . . has been convicted of a felony or a misdemeanor involving moral turpitude and the criminal conviction directly relates to the particular employment . . . (2) where the applicant, employee or licensee . . . has been convicted of a felony or a misdemeanor involving moral turpitude and the criminal conviction does not directly relate to the particular employment . . . if the board . . . determines after investigation that the person so convicted has not been sufficiently rehabilitated . . . . B. The board or other agency shall explicitly state in writing the reasons for a decision which prohibits the person from engaging in the employment . . . ." N.M. STAT. ANN. § 28-2-1, *et seq.*

Defendants argue that it is not clear that the Act applies to the County in this context, and Defendants' counsel was unable to locate any reported decision related thereto. Defendants

further argue that the statute does not forbid termination based on observed and reported conduct that violates Luna County policy. EEOC Guidelines provide that "an employer may make an employment decision based on the conduct underlying an arrest if the conduct makes the individual unfit for the position in question," and therefore, Count II should be dismissed.

Plaintiff counters that the COEA applies to the state or any of its political subdivisions, and that Luna County is a political subdivision of the state. The Supreme Court of New Mexico has determined that an arrest for DWI is not a crime of moral turpitude, and further held that a DWI arrest had no relation to the ability of a teacher and coach to perform his duties. *See In re Termination of Kibbe*, 996 P.2d 419, 422 (N.M. 1999). Plaintiff additionally argues that to agree with Defendants and allow the County to terminate her for the underlying conduct would thwart the stated purpose of the COEA, that is, to limit a public employer's ability to terminate employees for unrelated criminal activity. Further, Plaintiff's Complaint alleges that Defendants terminated her for an arrest.

The Court finds that, at this stage, Defendants have not satisfied the burden of showing that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has sufficiently pled that Defendants violated the COEA by terminating her for a DWI arrest. Defendants' argument that it is unclear whether the COEA applies in this context is not adequate to justify dismissal of Count II.

**Count III: Void for Vagueness**

Defendants argue that the essential requirements of due process are notice and an opportunity to respond in a manner appropriate to the nature of the case. *See Arnett v. Kennedy*, 416 U.S. 134, 170–71 (1974). Defendants note that the void for vagueness concept is rarely applied outside the criminal context, as a civil statute rarely deprives one of a liberty or property

interest, and where it does, has in each instance been found to be constitutional. *See West v.*
*Derby Unified Sch. Dist. No. 260*, 206 F.3d 1358, 1361 (10th Cir. 2000) (finding that a student's
suspension for wearing a shirt with a Confederate flag based upon a school policy prohibiting
racial intimidation was not void for vagueness).

Plaintiff counters that due process requires a public entity to articulate rules with
sufficient clarity such that a reasonable person understands what is prohibited and what is not.
*See Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926). In *O'Brien v. Town of*
*Caledonia*, a town terminated a police officer for engaging in "conduct leading to serious
discredit to the town," which the Seventh Circuit determined was unconstitutionally vague. *Id.* at
391. Plaintiff argues that Luna County's Code of Conduct is similarly vague and contains no
terms advising employees that alcohol use, a DWI arrest, or off-duty conduct may be grounds for
termination. Plaintiff also distinguishes *West*, noting that the school policy on racial intimidation
expressly provided as an example "Confederate flags or articles," and thus, a reasonable person
could clearly understand that wearing a shirt with a Confederate flag would violate the policy.
*West*, 206 F.3d at 1361. By contrast, the policies relied upon by Defendants gave Plaintiff no fair
warning that non-work related conduct could subject her to losing her job.

The Court finds that while Count III may not survive the scrutiny of a Rule 56 motion, at
the motion to dismiss stage, Defendants have not shown that Plaintiff has failed to plausibly state
a claim that the Luna County policies are void for vagueness. Plaintiff has sufficiently pled that
such policies have no inherent, objective content from which ascertainable standards defining the
proscribed conduct could be fashioned. *See Bence v. Breier*, 501 F.2d 1185, 1190 (7th Cir.
1974).

**Count IV: Sham Hearing**

Defendants next argue that whether or not the County was seeking another Administrative Assistant is not material to whether the hearing afforded was fair, and Plaintiff's allegations of bias are wholly conclusory and thus should not be credited.

Plaintiff counters that a public entity that predetermines the outcome of an employee termination hearing violates the employee's due process rights. In *Hostrop v. Board of Jr. College Dist. No. 515*, the board had already decided to terminate the employee and made a commitment to a new hire before the date when plaintiff was to be afforded a hearing, and the Seventh Circuit held that the board was no longer a tribunal possessing apparent impartiality. *See* 523 F.2d 569, 575–76 (7th Cir. 1975).

As to Count IV, the Court finds that Plaintiff's allegation that Defendants had already filled her position prior to the post-termination hearing is indeed material as to whether the hearing was fair and unbiased. Thus, the Court declines to dismiss Count IV.

**Count V: Lack of Prehearing Notice**

Next, Defendants argue that the Notice of Pre Determination Hearing sufficiently and specifically referenced the prior discipline that was allegedly used at the post-termination hearing. Further, there is no allegation that Plaintiff was unaware of the prior discipline issued to her. In their Motion to Dismiss, Defendants attach as an exhibit the Notice of Pre Determination Hearing showing notice of two prior instances of discipline.

Plaintiff argues that as Defendants have introduced evidence outside the scope of the Complaint, Plaintiff may submit an audio recording and written transcript of the post-termination hearing which indicates that Defendants relied upon at least three additional acts of misconduct, none of which were included in the Notice of Pre Determination Hearing, including the alleged improper use of a county purchase card in 2010 and 2012, as well as an alleged incident

involving leaving a work function after drinking in 2013.

The Court finds that Defendants' attached Notice of Pre Determination Hearing notifying Plaintiff of her termination is within the four corners of the Complaint as this case centers on Plaintiff's allegedly improper termination. However, the Court agrees with Defendants that the audio recording of the post-termination hearing and attached written transcript prepared by Plaintiff are outside the allegations of her Complaint. Regardless, Plaintiff alleges in her Complaint that Defendants failed to provide notice to Plaintiff prior to the post-termination hearing that the reasons for termination at the hearing would include certain alleged misconduct occurring from 2010 to 2013 not included in the Notice of Pre Determination Hearing notifying Plaintiff of the reasons for her termination. The Court finds that this allegation is sufficient to survive at the Motion to Dismiss stage and Defendants' argument is more properly raised in the context of a Rule 56 motion.

**Count VI: Substantive Due Process**

Defendants argue that the Tenth Circuit has not yet decided which property interests in employment are protected by substantive due process. *See Shrum v. City of Coweta, Okla.*, 449 F.3d 1132, 1145 (10th Cir. 2006). Regardless, Plaintiff's substantive due process claim merely restates her other constitutional claims at a higher level of abstraction, and thus, because Plaintiff has recourse to an explicit textual source of constitutional protection, a more general substantive due process claim is not available. *See id*. Additionally, Defendants argue that the termination cannot meet the standard requiring that the alleged conduct shock the conscience of the Court. *See Collins v. City of Harker Heights*, 503 U.S. 115, 126 (1992).

Plaintiff argues that the Tenth Circuit has recognized a substantive due process claim where a public employer discharges an employee for an arbitrary or capricious reason, or a

reason shocking to the conscience. *See Darr v. Town of Telluride, Colo.*, 495 F.3d 1243, 1257–58 (10th Cir. 2007). Further, Plaintiff notes that this court has previously recognized the viability of a substantive due process claim in the context of the County's termination of an employee. In essence, Plaintiff argues that she has sufficiently pled that her loss of the property interest in her job was because of an arbitrary and capricious decision that differs from her other claims such as lack of notice or the sham nature of the hearing. Plaintiff points to *In re Termination of Kibbe* in which the New Mexico Supreme Court found that terminating one employee for a non-work related DWI but not other employees who committed similar infractions was arbitrary and capricious. *See* 996 P.2d 419, 422 (N.M. 1999). Plaintiff has similarly alleged that other County employees were not terminated for a DWI arrest.

The Court finds that Plaintiff has sufficiently pled a claim for substantive due process. Defendants argue that the Tenth Circuit has not yet decided which property interests in employment are protected by substantive due process. *See Shrum v. City of Coweta, Okla.*, 449 F.3d 1132, 1145 (10th Cir. 2006). In *Shrum*, however, the property interest claimed was whether a police officer had a property interest in not working on Sunday given that he was also a minister. For the proposition that the Tenth Circuit has not clearly delineated what specific property interests in employment are fundamental, *Shrum* cited to *Hennigh v. City of Shawnee*, which concerned whether the plaintiff's rank as a police lieutenant was a fundamental property right. *See* 155 F.3d 1249, 1257 (10th Cir. 1998). By contrast, Tenth Circuit precedent makes clear that a contract that promises continued employment except for "just cause," or a statute that specifies the grounds on which an employee may be discharged creates a property interest in continued employment. *See Kingsford v. Salt Lake City School Dist.*, 247 F.3d 1123, 1129 (10th Cir. 2001). Plaintiff has alleged, and Defendants have not disputed, that she was employed as a

full-time "regular employee" and has a constitutionally recognized property interest in her employment position. Similarly, the Tenth Circuit has recognized that a public employee with a property interest in continued employment has a substantive due process right to not be terminated for arbitrary or capricious reasons. *See Darr v. Town of Telluride, Colo.*, 495 F.3d 1243, 1257 (10th Cir. 2007).

Next, Defendants argue that Plaintiff's substantive due process claim merely restates her other claims at a higher level of abstraction. However, the Court finds that Plaintiff's substantive due process claim differs from her other claims. The alleged lack of notice and the alleged sham hearing are procedural due process defects. Plaintiff's other claims either do not implicate due process or are grounded in specific state statutory schemes and not textual sources of constitutional protection. Plaintiff's substantive due process claim alleges that her termination for off-duty conduct unrelated to her work and for conduct which other employees committed and were not similarly disciplined was arbitrary and capricious. The Court finds that this claim does not merely restate her other claims at a higher level of abstraction, and thus, should not be dismissed.

**Count VII: Equal Protection**

Defendants argue that Plaintiff's assertions of unequal treatment, in that other employees arrested for DWI were treated differently, are entirely conclusory and cannot meet the applicable standard to survive a Motion to Dismiss.

Plaintiff counters that her Complaint alleges that other Luna county employees who were arrested for off-duty, non-work-related DWIs were not terminated and that she is currently aware of three other employees who were arrested for DWI and not terminated. While Plaintiff admits that she does not yet have sufficient information to determine if there are class-based distinctions

10

between Plaintiff's situation and those of other employees, she anticipates that discovery will provide that information. *See Martin Marietta Materials, Inc. v. Kan. Dept. of Transportation*, 810 F.3d 1161, 1171 (10th Cir. 2016) ("[W]e do not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the alleged claim for relief.") (citations omitted).

The Court finds that Plaintiff has sufficiently raised a plausible claim that other Luna county employees were arrested for off-duty, non-work-related DWIs and not terminated and class-based distinctions may exist. The Court believes that Plaintiff should be allowed the opportunity for discovery and thus declines to dismiss Count VII.

**Count VIII: Domestic Violence Protection Act**

Defendants argue that there is no Domestic Violence Protection Act, but there is a Promoting Financial Independence for Victims of Domestic Abuse Act, N.M. STAT. ANN. § 50-4A-1 *et seq*. (1978). Defendants argue that Plaintiff has not pled all of the elements in order to establish a violation of that Act, including an apparent exhaustion requirement. Further, the factual allegations are so vague, one cannot determine when the alleged domestic abuse occurred in order to ascertain whether the claim was time-barred or whether it could have been a motive for Plaintiff's termination.

Plaintiff concedes that her Complaint mislabeled the Act but caused no prejudice to the Defendants. Plaintiff argues that she has sufficiently pled that Plaintiff was a victim of domestic abuse and that Defendants based their decision to terminate Plaintiff in part on her taking leave from work to attend domestic abuse-related legal proceedings. The Act requires employers to provide leave for employees to participate in domestic abuse-related proceedings and prohibits an employer from retaliating against an employee who takes such leave. *See* N.M. STAT. ANN. §

50-4A-3 (1978). Plaintiff notes that Defendants' exhaustion argument is simply incorrect: the act "authorizes" the workforce solutions department to enforce the Act and investigate complaints, but provides that "[t]he workforce solutions department and the employee have the right to bring an action in violation of the [Act] in a court of competent jurisdiction to enjoin further violations, recover actual damages sustained or both, together with costs and reasonable attorney fees." *Id*. Plaintiff argues that this makes clear that the Act has no exhaustion requirement and specifically permits the employee to bring a claim in court. Finally, as to Defendants timeliness argument, Plaintiff's Complaint alleges that Defendants based their termination in part on the acts by Plaintiff, which included work absences due to attendance at domestic abuse-related legal proceedings. By relying on events from two to three years prior in order to terminate Plaintiff, Defendants cannot in turn argue that such events lack temporal proximity to Plaintiff's termination.

The Court finds that Count VIII should not be dismissed. At the outset, the Court finds that Plaintiff did mislabel the Act she seeks to invoke, but caused no prejudice to Defendants as they themselves correctly identified the proper Act and argued for its dismissal in their Motion to Dismiss. Additionally, the Court agrees with Plaintiff's argument that the Act does not contain an exhaustion requirement but indicates that either the workforce solutions department *or* the employee may bring an action in court to recover damages. Plaintiff's Complaint alleges that Defendants based their decision to terminate Plaintiff in part on her attendance at domestic abuse-related legal proceedings and discussed this attendance at the post-termination hearing. The Court thus credits Plaintiff's timeliness argument that she does not seek to draw an inference based on circumstantial timing evidence. As Defendants allegedly used her absences from work to attend domestic abuse-related legal proceedings as a basis for her termination, Defendants

12

cannot in turn argue a lack of temporal proximity.

**Count IX: New Mexico Whistleblower Protection Act**

In this count, Plaintiff alleges that the spouse of Defendant Ruben Javier Diaz ("Mr. Diaz") telephoned the office of the County Manager to complain that her husband was having an affair with a woman with whom he interacted with through his activities with the New Mexico Association of Counties. Plaintiff answered the call and fielded the complaint; then reported the call to Mr. Jackson. While subsequently processing a county purchase card transaction, Plaintiff discovered that Mr. Diaz had used the county purchase card to pay for a hotel room registered in the name of the woman identified by Mr. Diaz's spouse as the woman Mr. Diaz was having an affair with. Plaintiff reported her suspicion of improper purchase card use to Ms. Juarez. Plaintiff alleges that the Defendants retaliated against her for reporting the affair and improper purchase card use, and additionally, retaliated against her by denying her a position on the Keep Luna County Beautiful Advisory Board.

Defendants argue that Plaintiff's allegations are insufficient to state a cause of action showing that a public employer "violate[d] a federal law, a state law, a state administrative rule or a rule of any political subdivision of the state." N.M. STAT. ANN. § 10-16C-2(1) (1978). There is no allegation that there was any improper purpose in the use of the purchase card, nor any allegation implicating Mr. Diaz, mandating his dismissal. Finally, there again is no allegation as to the date this occurred in order to ascertain whether the claim was time-barred or whether it could have been a motive for Plaintiff's termination.

Plaintiff counters that the Act provides that a public employer shall not take retaliatory action against an employee who communicates to the employer what she believes in good faith to constitute an unlawful or improper act, including an action that constitutes "a waste of funds."

N.M. STAT. ANN. § 10-16C-2(2) (1978). Plaintiff argues that it is doubtless that a public official's use of public money to pay for a hotel room in which to conduct an adulterous affair constitutes a waste of public funds.

The Court finds that Count IX should be dismissed. Plaintiff's allegations regarding Mr. Diaz only show an inference that he had a motive to retaliate against Plaintiff in some way. While Plaintiff has alleged that Mr. Diaz was a member of the Luna County Board of Commissioners, she has not alleged any way in which Mr. Diaz had control or influence over her termination decision or over any of the other individual Defendants in the case. Plaintiff merely states a "theory" that Mr. Diaz "set in motion the events" that led to her termination and nothing further. Additionally, Plaintiff has failed to allege the dates these events occurred in order to determine whether there was a temporal proximity between the events and Plaintiff's termination. In Count VIII, the Court found that Plaintiff need not allege temporal proximity because Defendants themselves openly used her absences as part of their decision to terminate her. By contrast, there is no allegation in Count IX that Defendants openly used Plaintiff's decision to report Mr. Diaz's use of the county purchase card as part of their decision to terminate her. Therefore, in order to allege retaliation, Plaintiff must allege a general date that the event occurred in order to connect the event to her termination. Because she has failed to do so and has failed to allege that Mr. Diaz had any control or influence over her termination decision, the Court finds that Count IX should be dismissed. Additionally, as discussed *infra*, the Court finds that Mr. Diaz should be dismissed without prejudice as a Defendant in this case.

**42 U.S.C. § 1983 Claims**

Defendants argue that the only individual Defendants as to whom there is any specific reference to are Ms. Juarez and Mr. Jackson, and that the complained-of actions are attributed to

14

no one in particular. Defendants note that Plaintiff must allege who is responsible for each cause of action. As to Count III, the void for vagueness claim, there is no contention that any of the individual Defendants were responsible for the policy. As to Count IV, the sham hearing claim, there is no allegation as to which individual posted and filled Plaintiff's position. Finally, as to the Count VII, the equal protection claim, there is no basis for asserting that any individual had knowledge or responsibility that other County employees were arrested for DWI and not terminated.

Plaintiff argues that she has alleged that Mr. Jackson, the County Manager, was a decision-maker in the termination process, and that Ms. Juarez, the Assistant to the County Manager, was also a decision-maker in that decision, as both issued and signed the Personnel Action Form that terminated Plaintiff's employment. Because these Defendants based their decision on an unconstitutionally vague Code of Conduct, on circumstances not stated in the notice, and other wrongs alleged in the Complaint, it is Mr. Jackson and Ms. Juarez who personally violated Plaintiff's rights and thus, both are individually liable. The allegations as to Mr. Diaz are sufficient to show that he had a motive to retaliate against Plaintiff and that he set into motion the events leading to Plaintiff's termination. While Plaintiff concedes that she does not presently have evidence of communications between Mr. Diaz and Mr. Jackson and Ms. Juarez, discovery is needed to determine the viability of Plaintiff's claim against Mr. Diaz. If the Court determines that claims against Mr. Diaz should be dismissed, Plaintiff requests it be without prejudice given the possibility that discovery may reveal Mr. Diaz's involvement.

The Court finds that Plaintiff has sufficiently alleged that Mr. Jackson and Ms. Juarez were the decision-makers who terminated Plaintiff and based their termination on allegedly unconstitutional policies and reasons. As decision-makers, and given Mr. Jackson's position as

County Manager, Plaintiff has sufficiently alleged that either Defendant would have the authority to hire a replacement for Plaintiff's position before the post-termination hearing, allegedly retaliate against Plaintiff for absences related to domestic abuse proceedings, and allegedly not terminate other employees who were arrested for DWI. Thus, Plaintiff has properly pled sufficient individual actions for her claims as to Mr. Jackson and Ms. Juarez.

However, the Court finds that Plaintiff's allegations regarding Mr. Diaz fail to show any specific action he took against Plaintiff.  Plaintiff has only raised the inference that Mr. Diaz may have had a motive to take some sort of retaliatory action against her. Because discovery may subsequently reveal that Mr. Diaz played a role in Plaintiff's termination, the Court will dismiss Mr. Diaz as a Defendant without prejudice.

**Qualified Immunity**

Defendants' final argument raises the defense of qualified immunity, arguing simply that there was no constitutional violation and that Defendants acted reasonably under the circumstances. By raising the defense, the burden shifts to Plaintiff to demonstrate that each of the Defendants violated a constitutional or statutory right and that the right was clearly established at the time of the conduct.

The Court finds that accepting all of Plaintiff's well-pleaded facts as true, Defendants are not entitled to dismissal based on qualified immunity at the motion to dismiss stage, as Plaintiff has adequately alleged for each count remaining in this litigation that her constitutional rights were violated.[1] Asserting a qualified immunity defense via a Rule 12(b)(6) motion subjects

---

[1] In Plaintiff's Response (**Doc. 11**), she argues at length that the Tenth Circuit has recognized a substantive due process claim where a public employer discharges an employee for an arbitrary and capricious reason, and that this district has recognized the viability of a substantive due process claim in the context of Luna County's termination of an employee. However, in addressing her substantive due process claim in the context of qualified immunity, Plaintiff argues that "the Tenth Circuit has not clearly decided whether a substantive due process claim[] will lie in the context of Plaintiff's claim, and Plaintiff cannot meet her burden to show that the law was clearly established." The Court can only interpret this to be a serious error and not that Plaintiff seeks to argue that her own claim should

Defendants to a more challenging standard of review than would apply on summary judgment, as it is based on Defendants' conduct as alleged in the Complaint. *See Behrens v. Pelletier*, 516 U.S. 299, 309 (1996). Accordingly, the Court declines to dismiss Plaintiff's Complaint on the basis of qualified immunity.

### CONCLUSION

The Court finds that as to Count II, violation of the New Mexico Criminal Offender Employment Act, N.M. STAT. ANN. § 28-2-1, *et seq.* (1978); Count III, void for vagueness violating the Due Process Clause; Count IV, a sham hearing violating the Due Process Clause; Count V, inadequate notice violating the Due Process Clause; Count VI, violation of substantive due process; Count VII, violation of the Equal Protection Clause; Count VIII, violation of the New Mexico Promoting Financial Independence for Victims of Domestic Abuse Act, N.M. STAT. ANN. § 50-4A-1 *et seq*. (1978); and Defendants' argument regarding dismissal on the basis of qualified immunity, Defendants' Motion to Dismiss is **DENIED**.

The Court finds that as to Count IX, violation of the New Mexico Whistleblower Protection Act, N.M. STAT. ANN. § 10-16C-2 (1978) and Defendants' argument that Ruben Javier Diaz should be dismissed as a Defendant in this case, Defendants' Motion to Dismiss is **GRANTED**. Defendant Ruben Javier Diaz is dismissed **WITHOUT PREJUDICE**.

      **SO ORDERED**

 

_____

UNITED STATES DISTRICT JUDGE

---

be dismissed. If the Court is incorrect in this matter and Plaintiff indeed argues that Count VI should be dismissed on qualified immunity grounds, Plaintiff is directed to voluntarily dismiss Count VI of her Complaint.